**HEADWATERS, INC., Plaintiff—Appellant,**

v.

**UNITED STATES BUREAU OF LAND MANAGEMENT, Defendant—Appellee.**

**Umpqua Watersheds, an Oregon nonprofit organization; Oregon Natural Resources Council Fund, an Oregon nonprofit corporation, Plaintiffs—Appellants,**

v.

**United States Forest Service, Defendant—Appellee.**

No. 02–35316, 02–35386.

D.C. No. CV–01–03079–AA, CV–01–00399–MRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided May 28, 2003.

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

Before B. FLETCHER, KLEINFELD, and MCKEOWN, Circuit Judges.

### MEMORANDUM *

The district court did not err in concluding that res judicata bars the claims in *Headwaters v. Bureau of Land Mgmt.*, No. 01–3079–AA (D.Or. Jan. 17, 2002). In *Headwaters*, Headwaters, Inc. challenged the same timber sales that it previously challenged and resolved by stipulation in *Oregon Natural Resources Council Action v. United States Forest Serv.*, 59 F.Supp.2d 1085 (W.D.Wash.1999) ("*ONRC*"). Although the legal theories advanced in *Headwaters* are different than those raised in *ONRC*, Headwaters, Inc. cannot avoid the bar of res judicata merely by pleading legal theories that were not raised in the prior suit. *See Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir.1982). We recognize that certain of the timber sales were enjoined pending appeal and we trust that the district court will vacate that injunction as appropriate.

To the extent *Umpqua Watersheds, Inc. v. United States Forest Serv.*, No. 01–399–HO (D.Or. Apr. 2, 2002), challenges the same sales adjudicated in *ONRC*, res judicata bars those claims as well. However, because seven of the ten sales that are challenged in *Umpqua Watersheds* were not adjudicated in *ONRC*, res judicata does not bar litigation of the Cold Springs, Gigawatt, Deer Thin, Alvin, Willow, Ridge and Sally Creek timber sales. *See Idaho Sporting Cong., Inc. v. Rittenhouse*, 305 F.3d 957, 964–65 (9th Cir.2002) (holding res judicata did not bar subsequent suit that challenged different timber sales than the first action).

**Affirmed in part, Reversed in Part, and Remanded in Part.** Each party shall bear its own costs on appeal.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.